**BLOSSOM PEANUT Co., Plaintiff-Appellee, v MAPLE HEIGHTS (City), Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20830.   Decided February 23, 1948.

Wolf & Kruchkoff, Marzel Levan, Cleveland, for plaintiff-appellee.

Garfield, Baldwin, Jamison, Hope & Ulrich, Cleveland, for defendant-appellant.

## OPINION

By MORGAN, J.

This action was filed by the plaintiff in the common pleas court of Cuyahoga County and sought to recover damages to its truck which plaintiff alleged was in a collision with a passenger bus of the defendant on November 3, 1944, at or near the intersection of Broadway and South Boulevard in Maple Heights. The jury returned a verdict for the plaintiff in the sum of $435.25.

Defendant appellant has filed its "partial bill of exceptions" which contains only the charge of the court to the jury, omitting all the evidence. The defendant's one assigned error, is error in the court's charge.

The claimed error of the charge is contained in the following paragraph:

"And, so, if the plaintiff has proven to you by a preponderance of the evidence that the defendant through the driver of its bus, passenger bus, failed to exercise ordinary care in the manner and method in which he made his turn into South Boulevard at and just prior to this collision, if the plaintiff has proven that to you by a preponderance of the evidence, your verdict will be for the plaintiff, provided, of course, that the driver of the plaintiff's truck was in the exercise of ordinary care at and just prior to this collision in the manner and method in which he controlled and operated the truck."

The court in charging the jury that if its members should find that the driver of defendant's bus "failed to exercise ordinary care in the manner and method in which he made his turn into South Boulevard at and just prior to this collision * * * your verdict will be for the plaintiff * * *" omitted any statement with reference to proximate cause. This failure to charge on proximate cause was of course erroneous and the question to be decided is whether or not this failure requires a reversal of the case.

The court earlier in its charge gave a synopsis of the pleadings. He stated that "the plaintiff says substantially further that the defendant the operator of the bus, was guilty of negligence causing the collision * * *." The court also charged the jury:

"In other words, the plaintiff says that the driver of the transportation bus was negligent and careless in the manner

in which he made his left turn into South Boulevard and that this negligence and carelessness on his part directly caused the collision."

Later in the charge the court stated:

"Proximate cause is the direct cause or the cause without which the collision would not have occurred."

It is therefore clear from the court's charge that the plaintiff's position in the case was that the driver of defendant's transportation bus was negligent and that this negligence was the cause of the collision. Furthermore, plaintiff's position was correctly stated to the jury.

At the close of all the testimony at defendant's request, the court charged the jury before argument as follows:

"I hereby charge you, as a matter of law, that if you find from the evidence that at the time of the collision complained of in the petition the vehicle of plaintiff was being operated by an employee of plaintiff who was then and there acting within the scope of his employment and the course of his duties, that, no matter what you may find concerning the claimed negligence on the part of the defendant, if you find that the employee of the plaintiff was guilty of negligence, no matter how slight, which proximately caused or contributed to cause the accident complained of, your verdict must be for the defendant."

At the conclusion of his charge the court said:

"Any suggestions, corrections or additions from counsel?"

The attorney for plaintiff stated that he had no suggestions. The attorney for defendant aswered, "Yes, Your Honor," and then made a suggestion which had no reference to the failure of the court to charge on proximate cause. The court accepted the suggestion made by the attorney for the defendant and added the following to his charge:

"I have been requested to say to you members of the jury, that if you find from the evidence in the case that the driver of the truck at and just prior to this collision was operating that truck to the left of the center of the road as he approached that intersection and that his so operating his truck, or

driving his truck to the left of the center of the road at and just prior to the collision either caused or contributed to cause this collision directly, then the plaintiff cannot recover in this action."

,The defendant maintains that the error in the charge was one of commission and not omission, and therefore defendant did not waive the error by failing to call it to the court's attention when the court made a request for "any suggestions, corrections or additions."

If the court had charged that the plaintiff could not recover without proof by a preponderance of the evidence that the defendant was negligent and had said nothing about proximate cause, then the failure to charge proximate cause would have been clearly an omission. The charge of the court, however, went beyond that and the court charged the jury that its verdict should be for the plaintiff if it should decide that the defendant "failed to exercise ordinary care or was negligent at the time of the accident."

The failure of the court to charge on proximate cause was clearly an oversight. It is extremely unlikely that the jury would have been misled thereby as the claim of the plaintiff that defendant was negligent and that this negligence caused the damage was clearly presented in the court's charge.

Finally, a majority of this court is constrained to affirm the judgment for the plaintiff for the reason that none of the evidence in the case is before us. We do not know whether or not the evidence was of such a character as to call for a directed verdict for plaintiff as a matter of law.

In view of the record before us, we are unable to say that the error of the court in the paragraph of the charge set forth, was prejudicial.

The judgment is therefore affirmed.

HURD, PJ, concurs.
SKEEL, J, dissents.

## CONCURRING OPINION

By HURD, PJ.

I concur in the judgment of affirmance. I also concur in the opinion, except that I am inclined to believe that the failure to instruct the jury on "proximate cause" in that part of the general charge complained of was an error of "omission" rather than of "commission." The learned trial judge defined

"proximate cause" in his general charge and twice charged on the proposition of proximate cause in relation to the alleged negligence of the plaintiff; once, by way of a special charge in writing before argument, and once again at the conclusion of the general charge, both times at the request of the defendant.

It is well settled in Ohio that an omission to charge with reference to one or more issues is not ground for reversible error in the absence of a request for an instruction to supply the omission. See 39 O. Jur. parag. 297, Trial, pages 1006 et seq., and numerous cases cited thereunder.

But whether there was here an error of omission or of commission the absence of a complete record showing the evidence adduced in the trial of the cause, is, I believe, fatal to the claim of prejudicial error now urged by the appellant, because of the impossibility of testing the charge thereby.

In the cases of **New York Life Ins. Co. v Hosbrook, 130 Oh St 101** and **Simko v Miller, 133 Oh St 345,** cited and quoted in the dissenting opinion, it is clear that the court in each instance had before it a record of the evidence by which the charges in question could be tested.

In this case, considering all of the circumstances and the instructions as a whole, I cannot conclude that there was prejudicial error requiring a reversal.

### DISSENTING OPINION

Decided February 23, 1948.

By SKEEL, J.

"In other words, the defendant says by that denial that the driver of its transportation bus was guilty of no negligence or carelessness of any kind. * * *."

The court then, in defining negligence and proximate cause, said in part:

"Proximate cause is the direct cause or the cause without which the collision would not have occurred."

The court then charged that if the plaintiff's evidence raises a presumption of negligence on its part, it had the burden of counterbalancing such presumption, otherwise the duty of showing that plaintiff failed to exercise ordinary care is upon the defendant "and defendant must prove to you by

a preponderance of the evidence that the driver of the truck failed to exercise ordinary care in the manner and method in which he controlled the truck at and just prior to the collision and that that failure upon his part caused or contributed to cause the collision."

This charge defining the burden placed upon the defendant on the subject of contributory negligence in the trial of the issues, was followed by the following charge as to the burden by law placed upon the plaintiff in establishing his right to recover:

"And so, if the plaintiff has proven to you by a preponderance of the evidence that the defendant, through the driver of its bus, passenger bus, failed to exercise ordinary care in the manner and method in which he made his turn into South Boulevard at and just prior to this collision, if the plaintiff has proven to you by a preponderance of the evidence, your verdict will be for the plaintiff, provided of course that the driver of the plaintiff's truck was in the exercise of ordinary care at and just prior to this collision, in the manner and method in which he controlled and operated the truck."

The court then said:

"These are the issues for you to determine."

The court then asked for suggestions or corrections. Defendant suggested an additional charge on one of the rules of the road but did not ask for a correction of the charge on the plaintiff's burden as above quoted. The effect of such charge was to tell the jury that if they found by the preponderance of the evidence that defendant was negligent in any of the respects claimed by the plaintiff, that under such circumstances the plaintiff should recover. In other words, after having told the jury that on its claim that plaintiff's negligence was a proximate cause or proximate contributing cause of the collision, defendant's burden was not only to show by the preponderance of the evidence that plaintiff was negligent but also that such negligence was a proximate cause of the collision, the charge then proceeds in the next paragraph to say that if the plaintiff has shown by the proper degree of proof that defendant was negligent, the plaintiff should recover without considering the question of whether or not such negligence was a proximate cause of the collision. Such a

failure to include the obligation of showing that the negligence of defendant, if and when shown, was a proximate cause of the collision, was an error of commission. As given the charge was an incorrect statement of the law prejudicial to the rights of the defendant for which a new trial should have been granted.

In the case of **New York Life Insurance Company v Hosbrook, 130 Oh St 101,** the court said:

"At the close of a general charge to the jury, the court asked counsel if there was 'anything further' and counsel responded 'we have nothing' but later filed a general exception to the charge. Such exception does not cover an alleged error of omission by the court in failing to charge upon all questions involved in the case. It does cover, however, prejudicial errors of law existing in the charge given."

Sec. 11560 GC provides in part:—

"* * * Error can be predicated upon erroneous statements contained in the charge, but not induced by the complaining party, without exception to the charge."

The supreme court in the case of **Simko v Miller, 133 Oh St 345,** had this exact question for consideration. The court in its charge told the jury that the failure to observe statutory duties in the exercise of ordinary care was negligence. Quoting from page 356 of the opinion:

"The legislature having fixed a definite rule of conduct it was not for the jury to say that the failure to observe the rule of conduct only in case the jury found the party failed to exercise ordinary care * * *."

"This instruction therefore contained an erroneous statement of law that was highly prejudicial to the rights of the defendant."

The case was reversed and remanded for a new trial.

The error of commission in the charge in the case now before us was highly prejudicial and failure to call the court's attention to such error does not now deprive the defendant of the right to seek reversal of the judgment on the ground and the fact that the record does not contain the evidence is not fatal to the defendant's claim.

The judgment for the plaintiff should be reversed and cause remanded for further proceedings according to law.